# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-2151
_____

United States of America

*Plaintiff - Appellee*

v.

Tiffany McAllister

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: June 17, 2022
Filed: June 27, 2022
[Unpublished]
_____

Before LOKEN, SHEPHERD, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Tiffany McAllister appeals after the district court[1] denied her motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1), as modified by the First

_____

[1]The Honorable Ronnie L. White, United States District Judge for the Eastern District of Missouri.

Step Act, based on her medical issues, the conditions and medical care available to her within the Bureau of Prisons, and the ongoing COVID-19 pandemic.

We review de novo the applicability of the First Step Act to a defendant's case, and we review the district court's decision to deny an authorized reduction for an abuse of discretion. United States v. Vangh, 990 F.3d 1138, 1141 (8th Cir. 2021). We decline to decide whether McAllister's refusal to receive an effective vaccine and other treatment that would reduce the risk of serious consequences after she contracted COVID-19 made her ineligible for First Step Act Compassionate Release Relief. We discern no abuse of discretion in the denial based on the other justifications provided by the district court, including that she had not established that the factors listed in 18 U.S.C. § 3553(a) weighed in favor of early release. See United States v. Marcussen, 15 F.4th 855, 857-59 (8th Cir. 2021) (concluding that district court did not abuse its discretion in denying motion for release based on its weighing of § 3553(a) factors, because court acknowledged mitigating factors but determined that they did not justify release); see also United States v. Howard, 962 F.3d 1013, 1015 (8th Cir. 2020) (affirming denial of motion for reduction under First Step Act because, even if district court erred regarding movant's eligibility, district court also determined that it would not exercise its discretion to grant relief, and thus further proceedings would be futile).

Accordingly, we affirm. See 8th Cir. R. 47B.

_____